UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRENT JACKSON, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>WALTER E. MARTIN, )<br>)<br>Respondent ) | CAUSE NO. 3:07-CV-269 RM |

OPINION AND ORDER

Petitioner Brent Jackson, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. According to the petition, a correctional officer accused him of engaging in sexual acts with a visitor and a disciplinary Hearing Board found him guilty and imposed a loss of 180 days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." Id. This rule provides the court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss petitions that obviously lack merit.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional

safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), and "some evidence" to support the prison disciplinary board's decision. <u>Superintendent, Mass. Correctional Institution v. Hill</u>, 472 U.S. 445, 455 (1985).

In ground one of his petition, Mr. Jackson asserts that the conduct report contains false, inaccurate, and misleading facts, denying his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I § 12 of Indiana's Constitution.

Section § 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. <u>Kraushaar v. Flanigan</u>, 45 F.3d. 1040 (7th Cir. 1995); <u>Hester v. McBride</u>, 966 F.Supp. 765 (N.D.Ind. 1997). Accordingly, this court may not consider claims arising out of violations of Indiana's constitution.

The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. <u>Craig v. Cohn</u>, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000). The Fourteenth Amendment's due process clause applies to state prison disciplinary hearings, but habeas review under the Fourteenth Amendment is limited to the protections provided by <u>Wolff v. McDonnell</u>, which does not prohibit conduct reports from containing false or

misleading information. What <u>Wolff</u> guarantees is that a prisoner will have the opportunity to rebut false or misleading charges.

In ground three of his petition, Mr. Jackson asserts that the DHB "violated due process by conducting a formal hearing beyond the procedural limits set by current applicable rules." Petition at p. 3(C). Mr. Jackson explains the DHB conducted its hearing nine days after the conduct report was issued, which is beyond the time provided by the Indiana Department of Correction disciplinary policy. Violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. <u>Hester v. McBride</u>, 966 F.Supp. at 774-775. Accordingly, that the hearing may have been conducted nine days after charges were brought against Mr. Jackson states no claim upon which habeas corpus relief can be granted.

In ground two of the petition, Mr. Jackson alleges that the evidence did not support the DHB's finding. In ground five, he argues that the evidence presented supports a conclusion that he "committed no violation of facility rules or regulations."

In his conduct report, Officer Kienginger wrote that he "witnessed [Mr. Jackson] and his adult female visitor, Misty Aldmeyer, engaging in unappropriate (sic) physical contact (offender had his hand inside Mrs. Aldmeyer's skirt and her hand was on his groin area) in the child's play area of the Phase 2 Visitation Room. Petition Exhibit A. The DHB viewed the videotape of the visitation room, and wrote that:

> Camera shows [Offender's] visitor and child in corner of child's play area. Female visitor's hand is on leg and rubbing leg (upper part).

> Child is playing with toy. Child goes to get on tricycle and female visitor gets up and helps child on tricycle. Female visitor sits down. [Offender] grabs female visitor's hand and puts in on his groin area. Female visitor rubbing groin area with her right hand . . ..

Petition Exhibit E.

In his administrative appeal, Mr. Jackson argued that "the conduct report states that my hand was up female visitor's skirt but the evidence does not support that finding. Sgt Holt's statement confirms offender's hand was <u>not</u> up skirt." Petition Exhibit F (emphasis in original). In his petition, he also argues that the evidence didn't support Officer Kieninger's charge that he "engaged in a sexual act with Mrs. Aldmeyer by placing his hand under her dress." Petition at 3(B).

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." <u>Superintendent, Mass. Correctional Institution v. Hill</u>, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." <u>Webb v. Anderson</u>, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." <u>Id</u>. (citing <u>Hill</u>, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id</u>. (citing <u>Hill</u>, 472 U.S. at 455-456).

The videotape and witness statements apparently do not support a conclusion that Mr. Jackson put his hand up his visitor's skirt, and it does not appear that the CAB concluded that he had done so. The videotape supports a

finding that his visitor put her hand on Mr. Jackson's leg and rubbed his upper leg and that later he grabbed her hand, put in on his groin area, and that she then rubbed his groin area. Officer Kieninger also charged Mr. Jackson with this behavior, and the videotape provides some evidence that he engaged in this behavior, which constitutes sexual acts with another person.

Finally, in ground four of his petition, Mr. Jackson asserts that "the severity of the punishment does not fit the act as supported by the evidence presented." Petition at p. 3(D). Mr. Jackson argued in his administrative appeal that he didn't place his hand up his visitor's skirt, and that his grabbing her hand and placing it on his groin should have been "dropped down to a class D offense, D-473 Unauthorized contact with the public for her hand being in groin area!" Petition Exhibit F. The range of sanctions a DHB can impose for a class D offense is lower than the sanctions that may be imposed for the offense of engaging in sexual acts with another.

While Mr. Jackson may have engaged in unauthorized physical contact with his visitor, the physical contact they engaged in also supported the charge levied against Mr. Jackson of engaging in sexual acts with a visitor. That prison officials chose to find him guilty of the more serious offense rather than the less serious offense he believes he should have been charged with states no claim upon which relief may be granted. That the DHB imposed a loss of 180 days of earned credit time rather than a lesser sentence also states no claim upon which relief may be granted.

Accordingly, for the reasons stated in this order, the court DISMISSES this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Court.

    SO ORDERED.

    DATED: July  16 , 2007

                                            /s/ Robert L. Miller, Jr.  
                                          Chief Judge  
                                          United States District Court